# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

MARKUP PEDURUPPILLAI,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Case No. 2:26-cv-01370-RFB-EJY

Before the Court is Mr. Markup Peduruppillai's Amended Petition for Writ of Habeas Corpus (ECF No. 8). Through it, Mr. Peduruppillai argues that his ongoing detention at the hands of Immigration and Customs Enforcement ("ICE") is unlawful under: (i.) Jacobo Ramirez v. Mullin, --- F. Supp. 3d. ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. On July 9, 2026, the Court heard argument on the Amended Petition and advised the Parties that it would issue a written ruling disposing of this case. See generally Mins. of Proceedings, ECF No. 19 (July 9, 2026). Having reviewed the record, and considered the Parties' arguments, the Court finds that Mr. Peduruppillai is being detained "in violation of the Constitution [and] laws . . . of the United States." 28 US.C. § 2241(c)(3). Accordingly, the Court grants the Amended Petition, awards Mr. Peduruppillai a writ of habeas corpus, and orders Respondents to release him from government custody.

## I.    FINDINGS OF FACT

From the outset, the Court makes the following findings of fact based on the Parties undisputed factual allegations and the evidence they supply. See Carlson v. Landon, 186 F.2d 183,

188 (9th Cir. 1950).

First, the Court finds that Mr. Peduruppillai is a member of the Jacobo Ramirez Class, as this fact is undisputed. See Am. Pet. for Writ of Habeas Corpus 7, ECF No. 8 (May 20, 2026) [hereinafter, "Pet."]; Resp. to Pet'r's Verified Am. Pet. for Habeas Corpus 1, ECF No. 9 (May 27, 2026) [hereinafter, "Opp."].[1]

Second, the Court finds that Mr. Peduruppillai was detained pursuant to an unsigned Warrant for Arrest (a.k.a., Form I-200). At the outset of these proceedings, the Honorable Miranda M. Du instructed Respondents to produce Mr. Peduruppillai's Form I-200. See Order 2–3, ECF No. 3 (May 6, 2026). In turn, Respondents produced a warrant which lacks the "[s]ignature of [an] [a]uthorized [i]mmigration [o]fficer." Warrant for Arrest of [Noncitizen] 1, ECF No. 8-1 (Apr. 8, 2026). Since no one disputes its authenticity, the Court concludes that ICE relied on this unsigned administrative warrant to arrest Petitioner.

Third, the Court finds that ICE did not conduct an initial custody determination for Mr. Peduruppillai shortly after arresting him. In spite of Judge Du's explicit instructions, Respondents have not presented any evidence which demonstrates that they performed an initial custody determination for Petitioner. See Order 2–3, ECF No. 3 (May 6, 2026); Pet. at 5. Therefore, the Court concludes that it never occurred.

## II.    CONCLUSIONS OF LAW

On this record, the Court makes the following conclusions of law.

First, Mr. Peduruppillai's detention is statutorily, and judicially, unlawful. Respondents' only basis for detaining Petitioner is § 1225(b)(2)(A). See generally Opp.[2] But Mr. Peduruppillai

---

[1] Lest there be any doubt, the Court explicitly finds that Mr. Peduruppillai satisfies all the criteria of the relevant class definition. Cf. Jacobo Ramirez, 2026 WL 879799, at *4; cf. also Pet. at 7. First, he is an undocumented noncitizen who is actively being detained by ICE. See Pet. at 7; R. of Deportability/Inadmissibility 1–2, ECF No. 8-2 [hereinafter, "I-213"]. Second, he is in removal proceedings before the Las Vegas Immigration Court, which sits in the United States District of Nevada. See Pet. at 5; Order of the Immigr. Judge 1, ECF No. 17-4 (July 6, 2026). Third, DHS alleges that Petitioner entered the United States without inspection, admission, or parole. See Notice to Appear 1, ECF No. 8-3 (Apr. 8, 2024); I-213 at 2 & 4. Fourth, Respondents are detaining him pursuant to § 1225(b)(2)(A); in other words, the government is not asserting that Petitioner is subject to detention under §§ 1226(c), 1225(b)(1), or 1231. See Pet. at 7; Opp. at 1. Fifth, he was detained well within our country's interior, long after he entered the United States. See Pet. at 7; I-213 at 2; NTA at 1. In short, Petitioner falls neatly within the Jacobo Ramirez Class, and he is entitled to the relief afforded to it by this Court.

[2] The Court declines to consider Respondents' arguments regarding the revocation of Petitioner's order of

belongs to the Jacobo Ramirez Class, and this Court has already declared that class members "are not subject to detention under § 1225(b)(2)(A);" instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections to noncitizens. See Jacobo Ramirez, 2026 WL 879799, at *33. Thus, the Court concludes that Mr. Peduruppillai's ongoing detention violates the INA and this Court's class-wide declaratory judgment.

Second, Respondents are violating the Constitution by detaining Petitioner. For reasons articulated in Quijay Garcia v. Mattos, No. 2:26-cv-01205-RFB-BNW, 2026 WL 1972386, at *4–8 (D. Nev. July 8, 2026), which are incorporated by reference herein, Mr. Peduruppillai is entitled to the procedures afforded by § 1226(a)'s regulatory scheme under the Due Process Clause of the Fifth Amendment. Amongst other things, the Court finds that Petitioner's arbitrary detention—which occurred without any pre-deprivation process—violates his right to procedural due process.

Third, the Court concludes that Mr. Peduruppillai must be released from government custody. Put succinctly, ICE did not comply with § 1226(a) and its implementing regulations in detaining Petitioner. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022). This Court has previously held that an unsigned administrative warrant is legally defective, such that "no lawful I-200 . . . was issued as to Petitioner." Djiwaje v. Bondi, No. 2:26-cv-00344-RFB-MDC, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026). Thus, ICE failed to obtain a proper warrant before arresting Petitioner, and ICE did not perform an initial custody determination for Petitioner at the outset of his detention. Consequently, his detention has been unlawful from the very moment it began. In Quijay Garcia, the Court held that immediate release, and prophylactic injunctive relief, is the appropriate equitable remedy for a similarly situated noncitizen who faced: (i.) similar statutory, regulatory, and constitutional violations; (ii.) Respondents' pattern of noncompliance with this Court's orders; and (iii.) Respondents' open defiance of the class-wide declaratory judgment. See Quijay Garcia, 2026 WL 1972386, at *8–11. The Court incorporates that holding, and its underlying reasoning, by reference herein and finds that the same remedy is appropriate here.

---

release on recognizance (*a.k.a.*, "OREC"), as Respondents waived them by raising them "for the first time at oral argument." Booth v. U.S., 914 F.3d 1199, 1206 (9th Cir. 2019).

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 8) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **July 10, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are **ENJOINED** from imposing conditions on Petitioner's liberty unless Respondents have established the reasonableness of those conditions at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property—including personal identification and/or employment authorization documents—upon his release.

**IT IS FURTHER ORDERED** Respondents are permanently **ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. At this hearing, the government bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **July 13, 2026**, which confirms Respondents' compliance with this Order. The joint status report should: (i.) include the date and time of Petitioner's release; (ii.) confirm that Petitioner was released on his own recognizance; and (iii.) confirm that Respondents returned Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

///

///

- 4 -

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** July 9, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**